IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VIRGINIA A. ELDER                                                        PLAINTIFF

       v.                              CIVIL NO. 09-2122

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                     DEFENDANT

**<u>ORDER</u>**

Plaintiff, Virginia A. Elder, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for supplemental security income ("SSI"), pursuant to Title XVI of the Social Security Act ("the Act"), 42 U.S.C. § 1381a. (Doc. # 1). Defendant filed an answer to Plaintiff's action on November 30, 2009, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (Doc. # 7).

On February 22, 2010, the Commissioner, having changed positions, filed a motion requesting Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (Doc. # 10). The Commissioner seeks remand to allow the ALJ to reevaluate the opinion evidence of Dr. Jeffrey A. Medlock and to reconsider Plaintiff's residual functional capacity in the context of the five-step determination. (Doc. #11).

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The

fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, we find remand to allow the ALJ to further evaluate the evidence as addressed above, appropriate. Therefore, the Commissioner's motion to remand is hereby granted and the case will be remanded to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

IT IS SO ORDERED this 24th day of February 2010.

*/s/ J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF U.S. MAGISTRATE JUDGE